JOHN ZALONSKI ET AL. *v.* THOMAS MCMAHON

CIRCUIT COURT

EIGHTH CIRCUIT

FILE NO. CV 8-648-2915

Memorandum filed January 7, 1966

*Dominic A. DePonte,* of East Haven, for the plaintiffs.

*Stanley D. Josephson,* of Branford, for the defendant.

DiCenzo, J. This is an action brought by the plaintiffs against the defendant to recover the balance of a security deposit on a lease on the theory that the clause in the lease relating to liquidated damages was in fact the imposition of a penalty and therefore void; and also for the plaintiffs to recover an amount as compensation for an alleged conversion of fuel and gasoline. The defendant denies the claim of penalty and asserts that the forfeiture clause in the lease was reasonable and proper and not a penalty. The defendant further asserts that as the result of the plaintiffs' occupancy of the premises waste was committed, and therefore he seeks compensation from the plaintiffs in a counterclaim.

The credible evidence establishes the following facts. On February 23, 1963, the plaintiffs and the defendant entered into a short-form lease agreement whereby the defendant leased to the plaintiffs the premises known as M & G Garage, on route 80 in East Haven, Connecticut. The lease was placed in evidence and marked as a plaintiffs' exhibit. In accordance with the terms of the lease, the plaintiffs deposited $1800 as a security deposit with the defendant to pay the last six months' rent of the term of this lease. The lease contained the clause "which advance rent will be forfeited by the tenants if they default under the terms of this lease." The plaintiffs and defendant also entered into a collateral agreement relating to a stock of merchandise on the rented premises. This collateral agreement was in the nature of a bailment; the value of the stock at the time of the bailment was $900. The plaintiffs were to return in kind at the termination of the lease. This stock consisted of many items generally needed in the conduct of a garage business. By January 6, 1964, the plaintiffs had not paid the rent which came due on January 1, 1964, in the amount of $300, and

on February 6, 1964, when they had failed to make the rent payment due on February 1, 1964, the defendant caused a common-counts writ to be served on them, alleging nonpayment of two months' rent and claiming $800 damages. The deputy sheriff who made the service of the common-counts writ went to the garage, ordered the plaintiffs off the premises and ordered them to refrain from removing any articles from the garage. The deputy sheriff failed to make a legal attachment of any property on the premises, and the common-counts writ was never returned to court. The deputy sheriff also failed to take any inventory of the stock at the time he served the common-counts writ.

The defendant testified that he ordered the plaintiffs evicted on February 6, 1964, and on the following day after the eviction he took possession of the premises and then took an inventory of the stock and merchandise. At this time, his inventory disclosed that the stock had been depleted from $900 to $553.19, showing a deficit of $346.81. The common-counts writ used by the deputy sheriff to evict the plaintiffs was placed in evidence and marked as a plaintiffs' exhibit. At the time the plaintiffs were evicted on February 6, 1964, there were 225 gallons of fuel oil, 424 gallons of high test gasoline, and 371 gallons of regular gasoline in the tanks on the garage premises. The value of these fuels was $202.56. In causing the plaintiffs to be evicted on February 6, 1964, in the manner described, the defendant failed in every way to comply with the provisions of the summary process statute. General Statutes, c. 922. The plaintiffs thereupon demanded a return of their security deposit less the amount of $600 rent claimed to be due for the months of January and February, 1964. The defendant refused to return this balance, claiming that the security deposit was forfeited as liquidated damages.

The primary question in this case is whether a clause in the lease for the payment of $1800 as quoted above constituted an agreement for liquidated damages or amounted to a penalty.

It is well-settled law that a clause in a contract calling for a penalty for a breach of the contract is contrary to public policy and invalid. A clause calling for liquidated damages in the event of a breach is quite proper if it meets the necessary conditions. The difference between these two rules of law is clearly explained in *Berger* v. *Shanahan,* 142 Conn. 726, 731, as follows: "A contractual provision for a penalty is one the prime purpose of which is to prevent a breach of the contract by holding over the head of a contracting party the threat of punishment for a breach. . . . A provision for liquidated damages, on the other hand, is one the real purpose of which is to fix fair compensation to the injured party for a breach of the contract. In determining whether any particular provision is for liquidated damages or for a penalty, the courts are not controlled by the fact that the phrase 'liquidated damages' or the word 'penalty' is used. Rather, that which is determinative of the question is the intention of the parties to the contract. Accordingly, such a provision is ordinarily to be construed as one for liquidated damages if three conditions are satisfied: (1) The damage which was to be expected as a result of a breach of the contract was uncertain in amount or difficult to prove; (2) there was an intent on the part of the parties to liquidate damages in advance; and (3) the amount stipulated was reasonable in the sense that it was not greatly disproportionate to the amount of the damage which, as the parties looked forward, seemed to be the presumable loss which would be sustained by the contractee in the event of a breach of the contract."

In the instant case, the three required conditions are not satisfied: (1) The damage as the result of a breach could quite easily be ascertained, and it would not be difficult to prove damage; (2) in no manner can the language of the forfeiture clause in this lease be construed as establishing an understanding for the settlement of differences arising out of a breach; and (3) the amount stipulated could quite conceivably be disproportionate, and greatly so, to a presumable loss because of a breach. The landlord could quickly rent the premises with no loss at all, or with a very small loss. As it happened, the garage was rented at once.

In *May* v. *Young*, 125 Conn. 1, 8, the court stated: "The designation of this sum as liquidated damages does not necessarily make it such rather than a penalty. If the provision was inserted for the purpose of deterring the defendant from breaching his contract and of penalizing him for doing so, instead of specifying a sum which the parties in good faith agreed upon as representing the damages which would ensue from a breach, it is to be regarded as imposing a penalty." In no sense can the provision in the lease in the instant case concerning forfeiture be said to represent an amount which the parties in good faith agreed upon as representing the damages which would result from a breach of the lease. Therefore the court concludes that the forfeiture clause was a penalty to deter the plaintiffs from breaking the lease agreement.

The evidence establishes that the merchandise placed in the hands and control of the plaintiffs as a bailment was depleted in the amount of $346.81 and that fuels in the tanks at the time the defendant took possession of the premises were valued at $202.56. The defendant is entitled to be credited with the depletion loss in his merchandise. The plain-

tiffs are entitled to recover the value of the fuels converted by the defendant. The manner and the circumstances under which the plaintiffs were evicted on February 6, 1964, raise a formidable question as to the right of the defendant to rent for the full month of February. The plaintiffs have not pressed this point, and the court will not treat it further. The court finds for the plaintiffs to recover $1200 of the security deposit less the depletion in stock value of $346.81, and further finds for the plaintiffs to recover the value of the fuels in the amount of $202.56.

Judgment may enter for the plaintiffs in the sum of $1055.75 with taxable costs; judgment for plaintiffs on counterclaim.